IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| CHARLES McGUIRE, | § | |
| | § | |
| *Plaintiff,* | § | CIVIL ACTION NO. 1:07-CV-00683-RC |
| | § | |
| v. | § | |
| | § | |
| CIRRUS DESIGN, INC., JEFFREY | § | |
| NELSON, UNIVERSITY OF NORTH | § | |
| DAKOTA AEROSPACE FOUNDATION; | § | |
| | § | |
| *Defendants.* | § | |

### DEFENDANT CIRRUS DESIGN CORPORATION'S
### MOTION TO DISMISS COUNTS TWO THROUGH SIX OF
### PLAINTIFF'S AMENDED COMPLAINT

Defendant Cirrus Design Corporation s/h/a Cirrus Design, Inc. ("Cirrus") hereby moves

to dismiss Counts Two, Three, Four, Five, and Six of plaintiff Charles McGuire's Amended

Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure.

### STATEMENT OF ISSUES

In the most recent iteration of plaintiff's complaint, he asserts five claims that are legally

insufficient as a matter of law. Since there is no basis for permitting plaintiff to amend the amended

complaint to correct the deficiencies inherent in these claims, they should be dismissed with

prejudice.

First, Counts Two and Three assert claims – designated as malice and negligence per se,

respectively – that fail to allege cognizable causes of action under Texas law. *See* plaintiff's

Amended Complaint, a copy of which is attached hereto as Exhibit "A." Malice and negligence

per se simply are not independent causes of action under Texas law.

Second, Counts Four and Six seek to recover damages for personal injuries under the theories of breach of warranty and breach of contract. Under Texas law, it is well established that a plaintiff may not recover personal injury damages under a theory premised on a breach of a party's contractual duties.

Third, Count Five asserts a purported fraud claim against Cirrus that fails to even remotely satisfy the required level of particularity under Rule 9(b) of the Federal Rules of Civil Procedure. Plaintiff's bare allegations of fraud generally suggest that Cirrus's "marketing materials" and an unspecified "training program" constituted express representations that were materially false. Am. Compl. at ¶ 25. These allegations are devoid of any specificity regarding how the marketing materials and training program were false, fraudulent or even material, or for that matter which "marketing materials" and "training program" plaintiff claims were fraudulent. Plaintiff makes similar allegations regarding statements made by unnamed Cirrus' "sales agents" and "other personnel," but fails to provide even the most basic information regarding this allegation, such as who made the statement, what was said, and when and where the statement was made. Am. Compl. at ¶ 25. These claims clearly are deficient under Rule 9(b).

Plaintiff also makes an allegation that Cirrus somehow "fraudulently delegat[ed] liability to another entity, [co-defendant University of North Dakota Aerospace Foundation ("UNDAF")]," Am. Compl. at ¶ 25. Not only is this claim non-sensical in light of the established fact that plaintiff was well aware that the training was conducted by UNDAF, but there simply is no basis under Texas law for plaintiff's purported "fraudulent delegation" claim. Counsel for Cirrus has been unable to locate a single Texas case that would support such a theory of liability. Plaintiff's amorphous fraudulent delegation allegation also fails to provide sufficient particularity required by Rule 9(b).

- 2 -

Finally, plaintiff cannot correct the deficiencies within these claims by amending the complaint, and thus any such request, if made, should be denied. Any further amendments to the complaint would be entirely futile and unjustified, especially in light of the extensive discovery that has taken place in this action, and the fact that the deadline for plaintiff to amend his pleadings elapsed on September 5, 2008. *See* Scheduling Order, dated July 29, 2008, attached hereto as Exhibit "B."

## BACKGROUND

This action stems from an accident involving a Cirrus SR-22 aircraft bearing registration number N656CD (the "aircraft") in Boyceville, Wisconsin on August 5, 2006. Am. Compl. at ¶ 8. Plaintiff alleges that he purchased the aircraft from Cirrus and that, in conjunction with the purchase, he requested and received three days of aircraft transition training from defendant University of North Dakota Aerospace ("UNDAF") and, more specifically, defendant Jeffrey Nelson ("Nelson"), a Certified Flight Instructor employed by UNDAF. Am. Compl. at ¶¶ 9 and 12. Plaintiff later contracted with UNDAF directly for a fourth day of transition training, which took place on August 5, 2006. Am. Compl. at ¶ 12. The accident at issue (the "accident") occurred on August 5, 2006, during the fourth day of training provided by UNDAF. Am. Compl. at ¶¶ 12-14. Plaintiff, who was operating the aircraft during the moments leading up to the accident, alleges that negligent training and supervision caused or contributed to the accident. Am. Compl. at ¶¶ 13-14.

## PROCEDURAL HISTORY

Plaintiff's son, Lloyd McGuire, commenced this action on February 21, 2007 in the 75th Judicial District Court of the State of Texas in and for Liberty County, Texas, entitled *Lloyd McGuire v. Cirrus Design, Charles McGuire, Jeffrey Nelson and University of North Dakota Aerospace. See* Original Petition filed by Lloyd McGuire, which is attached hereto as Exhibit "C."

On July 20, 2007, Lloyd McGuire filed his First Amended Petition, which is attached hereto as Exhibit "D." On August 28, 2007, plaintiff Charles McGuire, who at the time was a defendant, filed a cross-claim against Cirrus, UNDAF and Nelson in the state court action. A copy of plaintiff's cross-claim is attached hereto as Exhibit "E." On October 1, 2007, UNDAF and Nelson removed the action to this Court. Following a motion to remand filed by Lloyd McGuire, which was later withdrawn, plaintiff was dismissed from the action and the parties were realigned on consent, such that plaintiff Charles McGuire became the plaintiff in this action. *See* Order Granting Motion to Dismiss and Permitting Realignment, dated March 12, 2008, attached hereto as Exhibit "F."

Plaintiff Charles McGuire filed his original complaint on April 14, 2008. *See* Original Complaint, attached hereto as Exhibit "G." Plaintiff's Original Complaint named two additional parties, Bose Corporation ("Bose") and Garmin International, Inc. ("Garmin"), based on an allegation that the stall warning horn installed in the aircraft was difficult to hear when wearing aviation headsets manufactured by Bose. This allegation was later dropped given that, among other things, all three occupants of the aircraft at the time of the accident, including plaintiff, testified that they heard the stall warning horn. Plaintiff has voluntarily dismissed his claims against Bose and Garmin, and the Amended Complaint no longer contains product liability causes of action.

Prior to August 25, 2008, the date on which the Amended Complaint was filed, the parties engaged in significant discovery, including the exchange of voluminous documents and depositions of the following individuals: (1) Lloyd McGuire, (2) Charles McGuire (taken twice); (3) Jeffrey Nelson; (4) Frederick McGuire (plaintiff's flight instructor) and (5) John Wallberg (UNDAF).

## ARGUMENT

### I.    STANDARD OF REVIEW FOR MOTION UNDER RULE 12(b)(6)

To survive a motion to dismiss, a complaint must allege all of the material elements of a viable legal claim necessary for the plaintiff to recover against a defendant. *See* Fed. R. Civ. P. 8(a)(2); *see also Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), it is the defendant's burden to show that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Tuchman*, 14 F.3d at 1067; *see also Hart v. Bayer Corp.*, 199 F.3d 239, 247 n. 6 (5th Cir. 2000). In connection with a motion to dismiss, a court must accept as true the well-pled factual allegations of the complaint and any reasonable inferences to be drawn therefrom, and must resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995); *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn*, 42 F.3d at 931; *see also Tuchman*, 14 F.3d at 1067 ("We will thus not accept as true conclusory allegations or unwarranted deductions of fact.").

### II.    COUNTS TWO AND THREE OF PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED BECAUSE THEY DO NOT ASSERT COGNIZABLE CLAIMS UNDER TEXAS LAW

In Counts Two and Three of the amended complaint, plaintiff asserts claims for "malice" and "negligence per se," respectively, which are not independent causes of action under Texas law.[1] Accordingly, these purported causes of action should be dismissed.

---

[1] Texas substantive law will govern plaintiff's causes of actions in this diversity action. *See, e.g., Lockwood Corp. v. Black*, 669 F.2d 324, 328 (5th Cir. 1982).

Under Texas law, malice is defined as "a specific intent by the defendant to cause substantial injury or harm to the [plaintiff]." TX CIVIL PRAC & REM CODE § 41.001 (Vernon's 2008). Texas law does not construe malice as anything more than an element of certain causes of action, or an element of proof necessary to obtain punitive damages in certain circumstances. *See* TX JUR. 3D DAMAGES § 70 (2008). In short, there is no independent cause of action for "malice." Thus, Count Two of plaintiff's amended complaint must be dismissed.

Second, under Texas law, negligence per se is construed as a "concept whereby a legislatively imposed standard of conduct is adopted by the civil courts as defining the conduct of a reasonable and prudent person." *All Freight Systems v. James*, 115 Fed. Appx. 182, 184, 2004 WL 1739485, at *2 (5th Cir. 2004) (A copy of this unpublished decision is attached hereto as a part of Exhibit "H") (citing *Carter v. William Sommerville & Son, Inc.*, 584 S.W.2d 274, 278 (Tex. 1979)). "Negligence *per se* provides only a way of proving duty and breach of duty," *id.*, and does not constitute an independent cause of action under Texas law. Negligence per se is simply a tort concept by which a plaintiff can establish that a defendant breached a legal duty owed to the plaintiff. There is no independent negligence per se cause of action under Texas law. Thus, Count Three of plaintiff's amended complaint must be dismissed.

## III. COUNTS FOUR AND SIX OF PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED BECAUSE, CONTRARY TO TEXAS LAW, THESE CLAIMS ARE PREMISED ON ALLEGED BREACHES OF CONTRACTUAL DUTIES AND SEEK TO RECOVER DAMAGES FOR PERSONAL INJURIES

In Counts Four and Six of plaintiff's amended complaint, plaintiff seeks to recover damages for personal injuries under vaguely pled theories of breach of warranty and breach of contract, respectively. Texas law, however, prohibits the recovery of personal injury damages under a theory that a party breached express contractual duties. *See Heckel v. Allen Samuels Chevrolet*, No. 14-07-254-CV, 2008 WL 4308406, *4 (Tex. App. Houston [14th Dist.] Aug. 28, 2008) (A copy of this

unpublished decision is attached hereto as a part of Exhibit "H"); *Gates v. Fort Bend Co. Child Advocates, Inc.*, No. 01-03-1298-CV, 2005 WL 1251988, *4 (Tex. App. Houston [1st Dist.] May 26, 2005) (A copy of this unpublished decision is attached hereto as a part of Exhibit "H"); *see cf. JCW Electronics, Inc. v. Garza*, 257 S.W.3d 701, 704-05 (Tex. 2008) (noting that claims for breach of an implied warranty seeking to recover damages for personal injuries are grounded in tort, as opposed to contract law).

Further, plaintiff is prohibited, under Texas law, from recovering damages for mental anguish or exemplary damages under theories premised on an alleged breach of contract. *See Stewart Title Guaranty Co. v. Aiello*, 941 S.W.2d 68, 72 (Tex. 1997) ("Because [plaintiffs] have only a breach of contract claim, exemplary damages are not available . . . [and such a claim] will not support mental anguish damages . . . .") (internal citations omitted); *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986) ("breach of contract [claim] cannot support recovery of exemplary damages").

Plaintiff's damages in this action relate solely to the alleged personal injuries he sustained in the August 5, 2006 accident. Accordingly, Count Six of the amended complaint seeking damages for breach of contract must be dismissed. Moreover, to the extent that the vague claims set forth in Count Four of the amended complaint are premised on a theory that Cirrus allegedly breached contractual duties, they must be dismissed.

## IV.    COUNT FIVE OF PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED BECAUSE IT DOES NOT PROVIDE THE REQUISITE PARTICULARITY TO SATISFY RULE 9(b)

Count Five of plaintiff's amended complaint fails to provide sufficient particularity to state a fraud cause of action under Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) imposes a heightened level of pleading for fraud claims:

- 7 -

> In alleging fraud or mistake, a party must state with particularity
> the circumstances constituting fraud or mistake. Malice, intent,
> knowledge, and other conditions of a person's mind may be
> alleged generally.

Fed. R. Civ. P. 9(b) (2008); *see also Tuchman,* 14 F.3d at 1067 (5th Cir. 1994). Although the

particularity demanded by Rule 9(b) differs with the facts of each case, *see Guidry v. Bank of*

*LaPlace,* 954 F.2d 278, 288 (5th Cir. 1992), a plaintiff pleading fraud must set forth "the who,

what, when, and where . . . before access to the discovery process is granted." *Williams v. WMX*

*Technologies, Inc.,* 112 F.3d 175, 178 (5th Cir. 1997); *see also Tuchman,* 14 F.3d at 1068 ("we

have recently stated that Rule 9(b) requires the plaintiff to allege 'the particulars of time, place,

and contents of the false representations, as well as the identity of the person making the

misrepresentation and what [that person] obtained thereby.'") (quoting *Tel-Phonic Services, Inc.*

*v. TBS Int'l, Inc.,* 975 F.2d 1134, 1139 (5th Cir. 1992)). Anything less fails to provide

defendants with adequate notice of the nature and grounds of the claim. *See Tuchman,* 14 F.3d at

1067. Moreover, it is clear that Rule 9(b) applies here because it "applies not only to fraud

actions under federal statutes, but to fraud claims based on state law."[2] *See Guidry,* 954 F.2d

278, 288 (5th Cir. 1992).

Here, plaintiff's fraud claim is limited to general, conclusory allegations that are plainly

insufficient under Rule 9(b). For example, Count Five contains a total of three brief paragraphs,

which contain no particulars whatsoever with respect to the purported fraud. Plaintiff's allegations

of fraud boil down to the following:

---

[2] Under Texas law, to make out a legally adequate fraud claim, plaintiff must allege that: (1) a
material misrepresentation was made; (2) the representation was false; (3) when the representation was
made, the speaker knew it was false or made the statement recklessly without any knowledge of the truth;
(4) the speaker made the representation with the intent that the other party should act on it; (5) the party
acted in reliance on the representation; and (6) the party thereby suffered injury. *See Bradley v. Phillips
Petroleum Co.,* 527 F. Supp. 2d 625 (S.D. Tex. 2007); *see also Johnson v. Brewer & Pritchard, P.C.,* 73
S.W.3d 193, 211 n. 45 (Tex. 2002); *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.,*
960 S.W.2d 41, 47 (Tex. 1998).

- An allegation that Cirrus represented to plaintiff that that he would be trained by a skilled and qualified instructor.

- An allegation that Cirrus made these representation through unspecified "marketing materials, sales agents, other personnel, and the training program itself, as inducement to Plaintiff to purchase the aircraft."

- An allegation that Cirrus was aware of the purported "falsity of its representations and attempted to avoid liability from such representations by fraudulently delegating liability to another entity, UNDAF."

- An allegation that plaintiff relied "on these representations and purchased the SR-22 aircraft, believing he would be trained safely by a qualified and skilled instructor."

- An allegation that Cirrus "attempted to mitigate their liability out of their fraudulent conduct by requiring, in fine print, that purchasers name UNDAF as an additional insured."

Am. Compl., ¶¶ 25-26.  The allegations noted above are the most fact-specific allegations within the complaint that purport to support plaintiff's fraud claim.  Notably, Count Five does not provide a paragraph incorporating all other preceding paragraphs.  However, the entire amended complaint is devoid of any allegation regarding, among other things:

- The specific statements in the "marketing materials" that plaintiff relied upon.

- The "sales agents" and "other personnel" that he relied upon, what specific representations they made to him, and when and where the representations were made.

- The "express" representations within the "training program itself" he relied upon.

- In what way the alleged representations were known to be false at the time they were made.

- In what way the representations were material.

Plaintiff's failure to include even the most basic allegations concerning his fraud claim renders Count Five deficient under Rule 9(b).  *See Williams*, 112 F.3d at 178 ("a plaintiff pleading fraud must set forth "the who, what, when, and where . . ."); *Tuchman*, 14 F.3d at 1068 ("Rule 9(b) requires the plaintiff to allege the particulars of time, place, and contents of the false

representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby.") (internal quotation marks and citation omitted); *see also Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005).

Despite extensive discovery leading up to the filing of the amended complaint, plaintiff has been unable to set forth even basic details that would support a fraud claim. In truth, there are no facts to support a claim for fraud against Cirrus – nor are there any facts to suggest that defendant Nelson, an FAA certified flight instructor, was not qualified to give flight instruction. Plaintiff's purported fraud claim is not only inadequately pled, it is factually baseless.

Count Five obviously fails to meet the heightened pleading requirements of Rule 9(b) and must be dismissed.[3]

## V. IF PLAINTIFF REQUESTS LEAVE TO CORRECT THE DEFICIENCIES IN THE AMENDED COMPLAINT, SUCH REQUEST SHOULD BE DENIED BECAUSE ANY FURTHER AMENDMENTS WOULD BE FUTILE AND UNTIMELY

Given the deficiencies of Counts Two, Three, Four, Five, and Six, which require their dismissal, the Court should deny any request by plaintiff for leave to amend (assuming such a request is made), and dismiss those Counts with prejudice. Although Rule 15(a) provides that leave to amend pleadings shall be freely given, the Fifth Circuit has made clear that Rule 16(a) applies to a request for leave to amend once a court's scheduling order for the amendment of pleadings expires. *See S&W Enterprises, L.L.C. v. Southtrust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003); *see also Gonzalez v. Palo Duro Meat Processing, Inc.*, No. 2:07-CV-33-J, 2008 WL 958207, at *1 (N.D. Tex. Apr. 8, 2008) (A copy of this unpublished decision is attached hereto as a part of Exhibit "H") ("[B]ecause the Court has already issued a scheduling

---

[3] In addition, plaintiff's allegations regarding "fraudulent delegation" are wholly unsupported, and should also be dismissed. Am. Compl. ¶ 25. First, "fraudulent delegation" does not exist as a basis for asserting a fraud claim under Texas law. Second, the amended complaint fails to provide any particulars whatsoever in support of the alleged "fraudulent delegation" theory.

order in this case establishing the deadline for joinder of parties, Rule 16(b) governs instead of Rule 15."). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."[4]  *S&W Enterprises*, 315 F.3d at 536; *see also Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2005) (same).

In *S&W Enterprises*, the Fifth Circuit stated that the applicable test for determining whether a party would be permitted to amend the pleadings following the expiration of the deadline contained in the scheduling order as "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." 315 F.3d at 536 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

Here, the Court's Scheduling Order dated July 29, 2008 directed that plaintiff had until September 5, 2008 to amend his complaint. If plaintiff seeks to amend his complaint at this late stage, the Court must consider the *S&W Enterprise* factors before permitting any such amendment. Under those factors, there is no basis for granting plaintiff any further amendments to Counts Two, Three, Four, Five, and Six because all four factors favor dismissing these counts with prejudice.

---

[4] Rule 15 instructs courts to "freely give leave [for the amendment of pleadings] when justice so requires." However, Rule 15 cannot save a deficient claim when "the facts and circumstances of the case provide no suggestion that [the plaintiff] will be able to allege, let alone prove, any set of facts to support [the deficient claim], [and] a court should dismiss the claim with prejudice." *Blackmon v. American Home Products Corp.*, 328 F. Supp. 2d 659, 668 (S.D. Tex. 2004). In addition, in deciding whether to grant leave, courts may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Foman v. Davis,* 371 U.S. 178, 182 (1962).

First, there is no excuse, at this late date, for failing to set forth all facts that support plaintiff's alleged allegations.  Moreover, taking into account plaintiff's cross-claim, which was filed on August 28, 2007 (before the parties were realigned), plaintiff's amended complaint is in reality his second amended complaint.  There simply is no justification for allowing plaintiff to amend his pleading a third time.  *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174-1175 (5th Cir. 2006).

The second and third factors favor dismissal because any further amendments to Counts Two, Three, Four, Five, and Six would be futile, and permitting such legally inadequate claims to survive would be prejudicial to Cirrus.  As aforementioned, *supra* Section II, Counts Two and Three are not cognizable claims under Texas law, so there is nothing plaintiff can add to them to save them from dismissal.  Similarly, Counts Four and Six are legally impermissible in this action since plaintiff seeks to recover solely for his personal injuries, and Count Five is insufficiently pled under Rule 9(b), despite that discovery has been ongoing for more than one year.  Moreover, any amendment of Count Five would be futile as there are no facts whatever that would support a fraud claim against Cirrus.

Accordingly, Counts Two, Three, Four, Five, and Six should be dismissed, with prejudice, and any request by plaintiff to further amend his complaint should be denied.

## CONCLUSION

**WHEREFORE**, Cirrus prays that this Court, for all of the foregoing reasons, grant its motion to dismiss Counts Two, Three, Four, Five, and Six of the amended complaint, with prejudice, along with such further relief as this Court deems proper.

Dated:  Houston, Texas
       October ____, 2008

Respectfully submitted,

**JACKSON WALKER L.L.P.**

By: _____

RICHARD E. GRIFFIN
State Bar No. 08473520
1401 McKinney Avenue, Suite 1900
Houston, Texas  77010
Tel:  (713) 752-4200
Fax: (713) 752-4221

ROBERT F. RUCKMAN
State Bar No. 17367000
901 Main Street, Suite 6000
Dallas, Texas  75202
Tel:  (214) 953-6000
Fax: (214) 953-5822

– and –

PATRICK E. BRADLEY
**REED SMITH LLP**
136 Main Street, Suite 250
Princeton Forrestal Village
Princeton, New Jersey  08540
Tel:  (609) 987-0050
Fax: (609) 951-0824

OLIVER BEIERSDORF
**REED SMITH LLP**
599 Lexington Avenue
New York, New York  10022
Tel:  (212) 521-5400
Fax: (212) 521-5450

**ATTORNEYS FOR DEFENDANT
CIRRUS DESIGN CORPORATION**

- 13 -

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 10th day of October, 2008, a true and correct copy of the foregoing document was served upon the following counsel of record via electronic transmission.

Mr. Ron Sprague
Mr. Thad Coakley
Gendry & Sprague, P.C.
645 Lockhill Selma
San Antonio, Texas  78216-5057

Jack E. McGehee
H.C. Chang
McGehee & Chang
1250 Wood Branch Park Dr., #625
Houston, Texas  77079

Lipscomb Norvell, Jr.
Benckenstein, Norvell & Nathan
550 Fannin, Suite 200
Beaumont, Texas  77701

Frederick L. McGuire
Mark A. Gray
Law Office of Frederick L. McGuire
714 Main Street
Liberty, TX  77575

Ronald P. Williams
Stinson Morrison Hecker LLP
1625 N. Waterfront Pkwy, Suite 300
Wichita, KS  67206-6602

_____
Richard E. Griffin

- 14 -