UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| CHARLES MCGUIRE | § | |
| Plaintiff, | § | |
| | § | |
| -vs- | § | Civil Action No. 1:07-cv-00683-RC |
| | § | |
| CIRRUS DESIGN, et al | § | |
| Defendants. | § | |

**PLAINTIFF CHARLES MCGUIRE'S OPPOSED MOTION FOR SANCTIONS AGAINST DEFENDANT UNIVERSITY OF NORTH DAKOTA AEROSPACE FOUNDATION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Charles McGuire ("McGuire"), and files this his Motion for Sanctions Against Defendant University of North Dakota Aerospace Foundation ("UNDAF"),[1] [2]and, in support thereof, respectfully presents onto the Court the following:

Plaintiff Charles McGuire ("McGuire") initially filed a notice of deposition against Defendant UNDAF, seeking to depose UNDAF's *corporate representative* and *CFO*, Ms. Terri Clark ("Clark") on November 5, 2008 in Duluth, Minnesota. This notice of deposition was submitted to the Defendant on September 30, 2008. (A copy of the notice of deposition is attached as Exhibit "1").

---

[1] This motion is filed after yet another breakdown in discovery committed by Defendant UNDAF and indeed, the circumstances that led to the incident at hand are a direct result of the atmosphere of distrust permeated by Defendant after Defendant has failed to honor its past promises to both Plaintiff and to the Court. Due to repeated delays and obfuscations by Defendant, and with an atmosphere of distrust due to past unfulfilled promises, Plaintiff had no choice but to attend a scheduled deposition in Duluth, Minnesota, despite threats by Defendant that contrary to the orders of the Court, Defendant would not attend. Plaintiff attended the deposition as scheduled given that proper notice was provided to Defendant, and that the Court's orders denying Defendant's Motion to Quash and Motion to Reconsider, but also because Plaintiff felt that given the past maneuverings by Defendant, a threat and promise by the Defendant not to appear could in reasonable probability prove false and thus Defendant would indeed appear.

[2] For instance, Defendant represented to the Court that it had supplied Plaintiff with both Defendant Nelson's entire log book and Nelson's medical records authorization when the court denied Plaintiff's motion to compel these items

Case 1:07-cv-00683-RC   Document 122   Filed 12/17/08   Page 2 of 4 PageID #: 1972

Defendant UNDAF did not file a motion to quash against this notice of deposition until November 3, 2008, two days before the scheduled deposition.[3] In its motion, UNDAF claimed that the location of the deposition was inappropriate. UNDAF also objected to an item requested by the Plaintiff, namely, the daily financial information of UNDAF, and claimed that the discovery of this information would result in undue burden to UNDAF.

Following UNDAF's motion to quash, on November 4, 2008, the Court entered an order denying UNDAF's motion.[4] In the Order, the Court noted that the motion to quash was filed less than 48 hours before the scheduled deposition. The Court further concluded that UNDAF probably waited until the last minute to file the motion to quash in an attempt to cause delay, and overruled UNDAF's motion to quash and its objections to the location and content of the deposition. UNDAF then filed a motion to reconsider on the same day, which was also overruled by the Court.[5]

Upon receipt of the Court's order(s), Plaintiff's counsel conferred with Defendants' counsel. Plaintiff's counsel agreed to postpone the deposition, subject to the conditions imposed by the Court's November 4, 2008 orders – namely, the overruling of Defendants' objections in their motion to quash. Defendants' counsel, however, refused and rejected the offer, and the parties were unable to come to an agreement. Nonetheless, in light of the Court's express orders, and in the interest of preventing further delay in the proceedings, Plaintiff's counsel traveled to Duluth, Minnesota for the deposition.

---

in its Order filed October 29, 2008 (Docket # 105). Neither was true, and Mr. Nelson's medical records authorization did not arrive in Plaintiff's possession until nearly a month later.
[3] See Defendants' Motion to Quash, Docket #107.
[4] See the Court's November 4, 2008 Order, Docket # 109.
[5] See the Court's November 4, 2008 Order, Docket # 111.

However, UNDAF did not produce Clark for deposition on November 5, 2008 in Duluth, Minnesota. Despite the Court's order(s), neither Ms. Clark nor UNDAF's counsel appeared at the deposition. (A copy of a Certificate of Nonappearance is attached herein as Exhibit "2").

As a result, Plaintiff incurred $1,870.67 in travel expenses (air fare and hotel) (A copy of the ticket and lodging expenses is attached as Exhibit "3" and "4"). Additionally, Plaintiff's counsel, Mr. H.C. Chang, also spent approximately 12.5 hours in preparation for the deposition (See Exhibit "5"). These fees and expenses total $4,683.17.

Plaintiff now files this motion for sanctions, and requests the Court to enter an order striking Defendants' *corporate representative* designation. In light of the Defendants' failure to produce its *corporate representative* Ms. Clark for deposition, Defendants should not be able to designate a corporate representative altogether. The purpose of sanction is to secure compliance with the discovery rules, to deter violation of the discovery rules by others, and to punish parties for discovery violations. *See Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S. Ct. 2778, 2781 (1976). The sanctions imposed must have a direct relationship the offensive conduct. *See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec*, 854 F.2d 1538, 1546 (9th Cir. 1998). Striking Defendants' corporate representative designation is appropriate in light of the Defendants' failure to comply with the Court's express, repeated orders.

In the alternative, Plaintiff requests that the Court grant Plaintiff the travel expenses and attorney's fees in the amount of $4,683.17 as a result of the Defendant UNDAF's failure to appear for the November 5, 2008 deposition, so that the Plaintiff may be made whole. Plaintiff does not intend to impose any undue burden onto the Defendant with this motion, but only seeks to recover the reasonable and necessary costs incurred as a result of Defendant's nonappearance.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Charles McGuire respectfully requests the Court to enter an order granting Plaintiff's Motion for Sanctions, and grant the Plaintiff all other relief he is justly entitled.

Respectfully submitted,

McGEHEE ✮ CHANG

_____/s/ H.C. Chang_____
Jack E. McGehee
TBN 13623700
H. C. Chang
TBN 24031930
1250 Wood Branch Park Dr., #625
Houston, Texas 77079
(713) 864-4000
(713) 868-9393  fax

## CERTIFICATE OF SERVICE

I certify that this document was served via EM/ECF in compliance with the Federal Rules of Civil Procedure.

_____/s/ H.C. Chang_   Dec. , 2008_____
H. C. Chang            Date

## CERTIFICATE OF CONFERENCE

I hereby certify that I have complied with the requirements of local rules CV-7(h) and conferred with the counsel for Defendant UNDAF, Mr. Ron Sprague, via telephone on or about November 7, 2008.  Mr. Sprague advised that he is opposed to the motion.

_____/s/ H.C. Chang_____
H. C. Chang