** NOT FOR PRINTED PUBLICATION **

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| CHARLES MCGUIRE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 1:07-CV-683 |
| v. | § | |
| | § | |
| CIRRUS DESIGN; JEFFREY R. NELSON; | § | JUDGE RON CLARK |
| UNIVERSITY OF NORTH DAKOTA | § | |
| AEROSPACE; GARMIN | § | |
| INTERNATIONAL, INC.; and BOSE CORP., | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION

Before the court is Plaintiff Charles McGuire's Motion for Partial Reconsideration of this court's February 5, 2009 Order granting in part Defendants Cirrus Design; University of North Dakota Aerospace; and Jeffrey Nelson's Motion to Exclude seven of McGuire's expert witnesses. McGuire seeks reconsideration only with respect to Dr. Kenneth McCoin. The court struck Dr. McCoin's testimony because his report did not even reference the documents he relied upon in reaching his opinion and therefore failed to satisfy the requirements of Fed. R. Civ. P. 26(a)(2)(B)(ii). McGuire now argues that because Dr. McCoin filed a supplemental report on the final day of discovery and Defendants took his deposition on the same day, all information Dr. McCoin relied upon has now been disclosed to Defendants. Therefore, any failure to disclose the information was harmless.

1

Motions for reconsideration "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l. Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). It is well settled that motions for reconsideration should not be used to raise arguments that could, and should, have been made earlier or to re-urge matters that have already been advanced by a party. *See Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990). A motion for reconsideration is not "the proper vehicle for rehashing old arguments or advancing legal theories that could have been presented earlier." *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994).

McGuire does not allege that the court made any manifest error of fact or law, nor does he present newly discovered evidence. He argues only that Dr. McCoin filed a supplemental report on the final day of discovery, December 5, 2008; Defendants took his deposition on the same day; and all information Dr. McCoin relied upon has now been disclosed to Defendants. Therefore, any failure to disclose the information was harmless.

McGuire misses the point. As already discussed by the court in its previous Order, the problem is not just that Dr. McCoin failed to timely provide the Defendants with copies of the documents he relied upon in forming his opinion as set out in the August 19, 2008 report.[1] What Dr. McCoin did not do, either in his August 19 report or his supplemental December 5 report, was identify the materials upon which he based his opinion in clear violation of Rule 26.

---

[1] The discovery deadline has never been the last day allowed for complying with disclosure requirements and for filing late responses to interrogatories and requests for production. Waiting until the discovery deadline to turn over relevant documents and evidence violates the court's orders regarding disclosure.

Dr. McCoin's December 5, 2008 report is almost exactly the same as his deficient August 19, 2008 report; the one and only difference is the value he affixes to McGuire's lost future earning capacity. While the exhibits McGuire's counsel submitted in support of his motion do contain the documents the court previously found lacking in Dr. McCoin's August 19 report, none of these documents were even so much as referenced in Dr. McCoin's supplemental December 5 report. The basic problem identified by the court in its previous motion, namely that Dr. McCoin has failed to satisfy the simple and straightforward requirement of Rule 26 that he provide a list of the data or other information he considered when forming his opinions, has not been remedied in the supplemental report. The purpose of Rule 26(a)(2)(B) is to eliminate unfair surprise to the other party, and that goal is not achieved when experts fail to provide key information in or along with their reports.

The court also disagrees that Dr. McCoin's failure to disclose his sources of information was harmless. Under Fed. R. Civ. P. 37(c), a party "that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." In evaluating whether a violation of Rule 26 is harmless, the Fifth Circuit has instructed the trial court to consider: (1) the importance of the evidence; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility for curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to comply with the disclosure requirements. *See Texas A& M Research Foundation v. Magna Transportation, Inc.,* 338 F.3d. 394, 402 (5th Cir. 2003). The burden is on the party who allegedly failed to disclose

the information to prove that such failure is harmless. *See Heidtman v. County of El Paso*, 171 F.3d 1038, 1040 (5th Cir. 1999).

McGuire cannot carry that burden. He argues that Dr. McCoin's testimony is important because he calculates medical expenses and lost wages. While this may be true, McGuire offers no explanation for his failure to comply with the very clear dictates of Rule 26 other than to term it an "oversight." Because Dr. McCoin failed to disclose the source of the data upon which he based his opinion, Defendants did not have the benefit of this information when obtaining a report from their own experts or when preparing for Dr. McCoin's deposition. They could not verify his calculations or determine whether or not his opinion was based on reliable information. No continuance is available to cure this prejudice.

In short, McGuire admits Dr. McCoin's reports failed to satisfy Rule 26(a)(2)(B), and can give no real reason why. He does not allege that the court made a manifest error of fact or law in its previous Order, nor does he present newly discovered evidence. Under these facts, the court will deny McGuire's motion for reconsideration.

IT IS THEREFORE ORDERED that Plaintiff Charles McGuire's Motion for Partial Reconsideration [Doc. # 140] is DENIED.

So **ORDERED** and **SIGNED** this **13** day of **February, 2009.**

 Ron Clark, United States District Judge