IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| CHARLES McGUIRE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.1:07-CV-00683-RHC |
| | § | |
| CIRRUS DESIGN, INC., JEFFREY | § | |
| NELSON, UNIVERSITY OF NORTH | § | |
| DAKOTA AEROSPACE FOUNDATION; | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' AMENDED PROPOSED JURY INSTRUCTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

Now come Defendants, JEFFREY R. NELSON, UNIVERSITY OF NORTH

DAKOTA AEROSPACE FOUNDATION and CIRRUS DESIGN CORPORATION

("Defendants"), and herein file these Defendants' Amended Proposed Jury Instructions.

Defendant is correcting an oversight in its proposed damage instructions, 8a and

8d there was a sixth element that was not deleted.

**Defendants' Proposed Jury Instructions**

Court's Instruction No. ___
1.1

## 1.1 PRELIMINARY INSTRUCTIONS

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case.  As the jury you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure.  From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an opening statement.  Opening statements are intended to assist you in understanding the evidence.  What the lawyers say is not evidence.

After the opening statements, the plaintiff will call witnesses and present evidence.  Then, the defendant will have an opportunity to call witnesses and present evidence.  After the parties' main case is completed, the plaintiff may be permitted to present rebuttal evidence.  After all the evidence is completed, the lawyers will again address you to make final arguments.  Then I will instruct you on the applicable law.  You will then retire to deliberate on a verdict.

Keep an open mind during the trial.  Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

Pay close attention to the testimony and evidence.

If you would like to take notes during the trial, you may do so.  If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony.  Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes.  If you do not take notes, rely on your own independent memory of the testimony.  Do not be unduly influenced by the notes of other jurors.  A juror's notes are not entitled to any greater weight than the-recollection of each juror concerning the testimony.  Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations.  On the other hand, any exhibits will be available to you during your deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence.  Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case.  If anyone should

attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately.  Hold yourself completely apart from the people involved in the case—the parties, the witnesses, the attorneys and persons associated with them.  It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case.  You are to be guided solely by what you see and hear in this trial.  Do not learn anything about the case from any other source.  In particular, do not read any newspaper account of this trial or listen to any radio or television newscast concerning it.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence.  I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

It is now time for the opening statements.

**SOURCE:**   Fifth Circuit Pattern Jury Instructions (2006 Edition)

Granted          _____
Denied           _____
Modified        _____

Court's Instruction No. ____
2.1

## 2.1 FIRST RECESS

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier.  Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else.  If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately.  Do not read or listen to any news reports of the trial.  Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the marshal to give to me.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

**SOURCE:**    Fifth Circuit Pattern Jury Instructions (2006 Edition)

Granted          _____
Denied           _____
Modified         _____

Court's Instruction No. ____
2.3

## 2.3 STIPULATIONS OF FACT

The parties have agreed, or stipulated that the following facts are true. This means that both sides agree that these are facts.  You must therefore treat these facts as having been proved.

1.      Plaintiff, Charles McGuire resides in Liberty County, Texas.

2.      CIRRUS DESIGN maintains its principal place of business in Duluth, Minnesota and is incorporated in Wisconsin.

3.      UNDAF is a foundation with its principal place of business in Grand Forks, North Dakota.

4      NELSON currently resides in the Minneapolis, Minnesota area.  He was a resident of Colorado at the time this suit was filed.  He lived in Duluth, Minnesota in August of 2006.

5.      NELSON is a graduate of the University of North Dakota's aviation program. Mr. Nelson graduated with a Bachelor of Science in Aeronautics.

6.      At all relevant times, NELSON was an employee of UNDAF.

7.      The aircraft identified as a 2005 Cirrus SR-22 GTS, FAA registration number N658CD (the "Aircraft") was purchased from Cirrus Design Corporation ("CIRRUS DESIGN") on or about August 1, 2006.

8      Plaintiff took delivery of the Aircraft on August 1, 2006 at CIRRUS DESIGN's factory in Duluth, Minnesota.

9.      The accident occurred on August 5, 2006 near Boyceville, Wisconsin, during the fourth day of training.

10.      The final flight originated from Duluth International Airport, Duluth, Minnesota at approximately 10:15 a.m. on August 5, 2006.

11.      After flying one leg of the flight and a fuel stop, the Aircraft was enroute to Eau Claire, Wisconsin, and approximately five (5) miles west of Boyceville Municipal Airport, when NELSON initiated a Simulated Engine Out Emergency.

12.      During that exercise, the instructor simulates an emergency and eventual loss of engine power.  The pilot responds generally as if he had an actual engine failure in the aircraft.  The purpose of the training was to assess Plaintiff's capability to locate a suitable landing site and maneuver the aircraft to a position where a safe landing could be made.

13.     While in cruise flight en route to Eau Claire, NELSON announced to Plaintiff that he had a simulated Oil Pressure Warning Light.

14.     Plaintiff responded properly by using the aircraft's GPS system to locate the nearest airport, reducing power while maintaining altitude and setting course directly for the nearest airport, Boyceville Municipal.

15.     Shortly thereafter, NELSON simulated loss of the engine by pulling the throttle back, thus reducing engine power to idle, and announcing to Plaintiff that he had a simulated engine out condition.

16.     Plaintiff proceeded with his approach to the Boyceville Airport by continuing his descent and turning left to line up with the runway.

17      With the Aircraft in a left turn, the aircraft experienced a stall.  A "Stall" is an aerodynamic term describing a condition in which the airflow over the airplane's wing is disrupted by a high angle of attack or is otherwise insufficient to provide the lift necessary to keep the airplane flying.

18.      The Aircraft impacted the ground.

19.     Plaintiff was in the left front seat of the Aircraft at the time of the accident.

20.     Nelson was in the right front seat of the Aircraft at the time of the accident.

21.     Plaintiff's son, Lloyd McGuire, was in the right rear passenger seat of the Aircraft at the time of the accident.

22.     NELSON and Lloyd McGuire received minor physical injuries and were both able to exit the Aircraft after the accident.

**SOURCE:**      Fifth Circuit Pattern Jury Instructions (2006 Edition)

Granted          _____
Denied           _____
Modified         _____

Court's Instruction No. ____
3.1

## 3.1 GENERAL INSTRUCTIONS FOR CHARGE

MEMBERS OF THE JURY:

You have heard the evidence in this case.  I will now instruct you on the law that you must apply.  It is your duty to follow the law as I give it to you.  On the other hand, you the jury are the judges of the facts.  Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.  Statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them.  Do not decide who you think should win and then answer the questions accordingly.  Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence.  By this is meant the greater weight and degree of credible evidence before you.  In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.  In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that

reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case.  One is direct evidence—such as testimony of an eyewitness.  The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes that you have taken during this trial are only aids to memory.  If your memory should differ from your notes, then you should rely on your memory and not on the notes.  The notes are not evidence.  A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

**SOURCE:**   Fifth Circuit Pattern Jury Instructions (2006 Edition)

Granted        _____
Denied         _____
Modified       _____

G:/RAS/McGuire/Jury Instruction/Jury Instructions.doc

Court's Instruction No. ____
2.8

## 2.8 DEMONSTRATIVE EVIDENCE

Defense Exhibits 40, 41 and 42 are computer animations.  These animations are an illustration of the accident sequence as Defendants believe the accident to have occurred.  If your recollection of the evidence differs from the exhibits, rely on your recollection.

**SOURCE:**     Fifth Circuit Pattern Jury Instructions (2006 Edition)

Granted        _____
Denied         _____
Modified       _____

Court's Instruction No. ____
2.11

## 2.11 DUTY TO DELIBERATE

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong.  However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

**SOURCE:**    Fifth Circuit Pattern Jury Instructions (2006 Edition)

Granted        _____
Denied         _____
Modified       _____

Court's Instruction No. ____
2.12

**2.12 INSTRUCTIONS ON DELIBERATION**

When you retire to the jury room to deliberate, you may take with you this charge and the exhibits that the Court has admitted into evidence.  Select your Foreperson and conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial.  After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form.  Return this charge together with your written answers to the questions.  Unless I direct you otherwise, do not reveal your answers until such time as you are discharged.  You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me.  I will then respond as promptly as possible either in writing or by meeting with you in the courtroom.  I will always first show the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

You may now retire to the jury room to conduct your deliberations.

**SOURCE:**     Fifth Circuit Pattern Jury Instructions (2006 Edition)

Granted        _____
Denied         _____
Modified       _____

Court's Instruction No. ____
2.13

## 2.13 BIAS—CORPORATE PARTY INVOLVED

Do not let bias, prejudice or sympathy play any part in your deliberations.  A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

**SOURCE:**    Fifth Circuit Pattern Jury Instructions (2006 Edition)

Granted        _____
Denied         _____
Modified       _____

Court's Instruction No. ____
2.16

## 2.16 IMPEACHMENT BY WITNESSES' INCONSISTENT STATEMENTS

      In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he gave at the trial.

**SOURCE:**    Fifth Circuit Pattern Jury Instructions (2006 Edition)

Granted       _____
Denied        _____
Modified     _____

Court's Instruction No. ___
2.18

**2.18 CONSIDERATION OF THE EVIDENCE**

You must consider only the evidence in this case.  However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider.  One is direct evidence—such as testimony of an eyewitness.  The other is indirect or circumstantial evidence—the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**SOURCE:**      Fifth Circuit Pattern Jury Instructions (2006 Edition)

Granted        _____
Denied         _____
Modified       _____

G:/RAS/McGuire/Jury Instruction/Jury Instructions.doc

Court's Instruction No. \_\_\_
2.19

## 2.19 EXPERT WITNESSES

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.

**SOURCE:**     Fifth Circuit Pattern Jury Instructions (2006 Edition)

Granted         _____
Denied          _____
Modified        _____

Court's Instruction No. ____
2.23

**2.23 DEPOSITION TESTIMONY**

     Certain testimony will now be presented to you through a deposition.  A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial.  Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition.  Some time before this trial, attorneys representing the parties in this case questioned this witness under oath.  A court reporter was present and recorded the testimony.  The questions and answers will be read (shown) to you today.  This deposition testimony is entitled to the same consideration [and is to be judged by you as to credibility] [and weighed and otherwise considered by you insofar as possible in the same way] as if the witness had been present and had testified from the witness stand in court.

**SOURCE:**    Fifth Circuit Pattern Jury Instructions (2006 Edition)

Granted      _____
Denied       _____
Modified    _____

G:/RAS/McGuire/Jury Instruction/Jury Instructions.doc

Court's Instruction No. ____
2.20

**2.20 BURDEN OF PROOF (Modified)**

In this case, plaintiff contends that the Defendants were negligent and that their alleged negligence was a direct cause of the accident.  The plaintiff must prove every essential part of his claims against the Defendants by a preponderance of the evidence.

Similarly, the Defendants contend that Plaintiff was negligent and that his alleged negligence was a direct cause of the accident.  The Defendants must prove every element of their claim against the Plaintiff by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that the plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the plaintiff's claims by a preponderance of the evidence, you should find for the defendants as to those claims.

If the proof fails to establish any essential part of the Defendants' claim by a preponderance of the evidence, you should find for the Plaintiff as to that claim.

**SOURCE:**     Fifth Circuit Pattern Jury Instructions (2006 Edition)

Granted        _____
Denied         _____
Modified       _____

G:/RAS/McGuire/Jury Instruction/Jury Instructions.doc

Court's Instruction No. ____

## CIVJIG 25.10  (Modified)
## Negligence and Reasonable Care—Basic Definitions

Definition of "reasonable care"

Reasonable care is the care a reasonable person would use in the same or similar circumstances.

Reasonable care does not require perfect conduct.

Definition of "negligence"

Negligence is the failure to use reasonable care.

In answering these questions, ask yourself what a reasonable person would have done in these circumstances.

Negligence occurs when a person:

1. Does something a reasonable person would not do; or
2. Fails to do something a reasonable person would do.

An act or omission is not negligence if no risk of injury could be reasonably anticipated or foreseen.

**SOURCE:**    Minnesota Civil Jury Instruction Guide (2008 Edition)

Granted        _____
Denied         _____
Modified       _____

G:/RAS/McGuire/Jury Instruction/Jury Instructions.doc

Court's Instruction No. ____

## CIVJIG 25.10 (Modified)
## Right to Assume Another's Good Conduct

Right to assume reasonable care

A person is entitled to assume that others will use reasonable care.

However, a person is only entitled to assume that others will use reasonable care until it reasonably appears that they will not.

**SOURCE:**   Minnesota Civil Jury Instruction Guide (2008 Edition)

Granted        _____
Denied         _____
Modified       _____

G:/RAS/McGuire/Jury Instruction/Jury Instructions.doc

Court's Instruction No. ____

**CIVJIG 25.16**
**Emergency Rule**

Reasonable care in an emergency

If there was an emergency that a person did not cause, that person is not negligent if he or she acted in a way a reasonable person would have acted.  In deciding if he or she acted reasonably consider:

1.  The circumstances of the emergency; and
2.  What the person did or did not do.

**SOURCE:**   Minnesota Civil Jury Instruction Guide (2008 Edition)

Granted         _____
Denied          _____
Modified       _____

G:/RAS/McGuire/Jury Instruction/Jury Instructions.doc

Court's Instruction No. ____

## CIVJIG 25.55
## Fact of Accident Alone—No Inference of Negligence

The fact that an accident has happened does not by itself mean that someone was negligent.

**SOURCE:**    Minnesota Civil Jury Instruction Guide (2008 Edition)

Granted        _____
Denied         _____
Modified       _____

G:/RAS/McGuire/Jury Instruction/Jury Instructions.doc

Court's Instruction No. ____

**CIVJIG 27.10**
**Direct Cause**

Definition of "direct cause"

    A "direct cause" is a cause that had a substantial part in bringing about the accident.

**SOURCE:**    Minnesota Civil Jury Instruction Guide (2008 Edition)

Granted       _____
Denied        _____
Modified     _____

Court's Instruction No. ____

## CIVJIG 27.15
## Concurring Cause

Definition of "concurring cause"

There may be more than one direct cause of the accident.

This occurs if the effects of the negligence of each of two or more persons work at about the same time to cause accident.

If this occurs, each may be a direct cause of the accident.

**SOURCE:**    Minnesota Civil Jury Instruction Guide (2008 Edition)

Granted        _____
Denied         _____
Modified       _____

## **SUPERSEDING CAUSE**
### **(CIVJIG 27.20)**

However, a cause is not a direct cause when there is a superseding cause.

**Definition of "superseding cause"**

A cause is a superseding cause when four conditions are present:

1.      It happened after the original negligence; and

2.      It did not happen because of the original negligence; and

3.      It changed the natural course of events by making the result different from what it

would have been; and

4.      The original wrongdoer could not have reasonably anticipated this event.

**SOURCE:**    Minnesota Civil Jury Instruction Guide (2008 Edition)

Granted        _____
Denied         _____
Modified       _____

G:/RAS/McGuire/Jury Instruction/Jury Instructions.doc

## COMPARATIVE FAULT

### (CIVJIG 28.15)

If you find that two or more parties are at fault, an individual party's contribution to the damage award shall be in direct proportion with the percentage of negligence attributable to that party.  If you determine that two or more persons are at fault, you must determine from the evidence what degree of fault is attributable to each party.  The degree of fault is to be expressed in terms of percentages, 0% to 100%.

This instruction is not meant to suggest that you should find anyone negligent. It is to tell you about the relationship between the percentage of fault and the damages received.

**SOURCE:**   Minnesota Civil Jury Instruction Guide (2008 Edition)

Granted        _____
Denied         _____
Modified       _____

G:/RAS/McGuire/Jury Instruction/Jury Instructions.doc

## Mitigation of Damages – Loss of Earnings
### (CIVJIG 91.47)

**Duty to act reasonably to limit loss of earnings**

A person has a duty to act reasonably to prevent or reduce his or her loss of earnings.


He or she is limited to those damages that he or she would have experienced if he or she had acted reasonably to prevent or reduce his or her loss of earnings.


**SOURCE:**    Minnesota Civil Jury Instruction Guide (2008 Edition)

Granted        _____
Denied         _____
Modified       _____

15.1

CONSIDER DAMAGES ONLY IF NECESSARY

You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that one or more of the defendants is liable and that the plaintiff is entitled to recover money from any of the defendants.

**SOURCE:**     Minnesota Civil Jury Instruction Guide (2008 Edition)

Granted        _____
Denied         _____
Modified       _____

15.2

COMPENSATORY DAMAGES

If you find that the defendant is liable to the plaintiff, then you must determine an amount that is fair compensation for all of the plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole--that is, to compensate the plaintiff for the damage that the plaintiff has suffered. Compensatory damages are not limited to expenses that the plaintiff may have incurred because of his injury.

You may award compensatory damages only for injuries that the plaintiff proves were directly caused by the defendants' alleged negligence The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or that the plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

**SOURCE:**     Minnesota Civil Jury Instruction Guide (2008 Edition)

Granted         _____
Denied          _____
Modified        _____

G:/RAS/McGuire/Jury Instruction/Jury Instructions.doc

15.3

## CALCULATION OF PAST AND FUTURE DAMAGES

A. Damages Accrued

If you find for the plaintiff, he is entitled to recover an amount that will fairly compensate him for any damages he has suffered to date.

B. Calculation of Future Damages

If you find that the plaintiff is reasonably certain to suffer damages in the future from his injuries, then you should award him the amount you believe would fairly compensate him for such future damages. In calculating future damages, you should consider the standard table of mortality as compiled by the United States Bureau of the Census, or other recognized mortality table.

C. Reduction of Future Damages to Present Value

An award of future damages necessarily requires that payment be made now for a loss that plaintiff will not actually suffer until some future date. If you should find that the plaintiff is entitled to future damages, including future earnings, then you must determine the present worth in dollars of such future damages.

If you award damages for loss of future earnings, you must consider two particular factors:

1.  You should reduce any award by the amount of the expenses that the plaintiff would have incurred in making those earnings.

2.  If you make an award for future loss of earnings, you must reduce it to present value by considering the interest that the plaintiff could earn on the amount of the award if he made a relatively risk-free investment. The reason why you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to the plaintiff if he receives it today than if he received it in the future, when he would otherwise have earned it. It is more valuable because the plaintiff can earn interest on it for the period of time between the date of the award and the date he would have earned the money. Thus you should adjust the amount of any award for future loss of earnings by the amount of interest that the plaintiff can earn on that amount in the future.

If you make any award for future medical expenses, you should adjust or discount the award to present value in the same manner as with loss of future earnings.

However, you must not make any adjustment to present value for any damages you may award for future pain and suffering or future mental anguish.

**SOURCE:**     Minnesota Civil Jury Instruction Guide (2008 Edition)

Granted        _____
Denied         _____
Modified       _____

15.6


MEDICAL EXPENSES


The reasonable expense of hospitalization and medical care and treatment that the plaintiff required or will require in the future because of his injuries which were caused by the defendants' negligence.


**SOURCE:**    Minnesota Civil Jury Instruction Guide (2008 Edition)

Granted          _____
Denied           _____
Modified         _____

15.7

LOST EARNINGS/TIME/EARNING CAPACITY

Any working time in the past and any such loss in the future.

**SOURCE:**   Minnesota Civil Jury Instruction Guide (2008 Edition)

Granted        _____
Denied         _____
Modified       _____

**CIVSVF 28.91**
**Negligence; Comparative Fault; One Plaintiff, Multiple Defendants**
**(MODIFIED)**

1.      Was JEFFREY R. NELSON negligent?

                                                                       *Answer "Yes" or "No":*      _____


2.      *If your answer to Question 1 was "Yes" then answer this question*:   Was this
        negligence by JEFFREY R. NELSON a direct cause of the accident?

                                                                       *Answer "Yes" or "No":*      _____


3.      Was UNIVERSITY OF NORTH DAKOTA AEROSPACE FOUNDATION
        negligent separate and apart from any act or omission by JEFFREY R. NELSON?

                                                                       *Answer "Yes" or "No":*      _____


4.      *If your answer to Question 3 was "Yes" then answer this question*:   Was this
        negligence by UNIVERSITY OF NORTH DAKOTA AEROSPACE
        FOUNDATION a direct cause of the accident?

                                                                       *Answer "Yes" or "No":*      _____


5.      Was CHARLES McGUIRE negligent?

                                                                       *Answer "Yes" or "No":*      _____


6.      *If your answer to Question 5 was "Yes" then answer this question*:   Was this
        negligence by CHARLES McGUIRE a direct cause of the accident?

                                                                       *Answer "Yes" or "No":*      _____

*If you answered "Yes" to Question 6 and answered "Yes" to either Question 2, Question 4, or both, then answer Question 7.  Otherwise, do not answer Question 7.*

7.   Taking all of the negligence that contributed as a direct cause of the accident as 100%, what percentage of negligence do you attribute to:

   a.  JEFFREY R. NELSON

      *(If you answered Question 2 "Yes")*                    _____%

   b.  UNIVERSITY OF NORTH DAKOTA AEROSPACE FOUNDATION

      *(If you answered Question 4 "Yes")*                    _____%

   c.  CHARLES McGUIRE

                                                   _____%


                                    TOTAL:      100    %


   *If you find that CHARLES McGUIRE has a percent of negligence that is greater than any individual defendant, then he will not receive any damages from that defendant.*

   *This instruction is not meant to suggest that you should find anyone negligent.  It is to tell you about the relationship between the percentage of negligence and the damages received.*


**SOURCE:**     Minnesota Civil Jury Instruction Guide (2008 Edition)

Granted         _____
Denied          _____
Modified        _____

*If you answered "Yes" to either Question 2, Question 4, or both; and*

*If you assigned a percentage of negligence to CHARLES McGUIRE that is less than the percentage you assigned to JEFFREY R. NELSON or is less than the percentage you assigned to UNIVERSITY OF NORTH DAKOTA AEROSPACE FOUNDATION, you will answer the following Questions on damages.  Otherwise, do not answer the following questions.*

8.     What sum of money will fairly and reasonably compensate the plaintiff for his injuries? Answer separately, in dollars and cents, for damages, if any.

*If you assigned a percentage of negligence to CHARLES McGUIRE which is less than any single defendant, then Plaintiff's damages will be reduced by that percent.  In that case, I will do the reduction of damages. You are not to reduce any damage amounts yourselves for this reason.*

**a.     Past damages for bodily and mental harm:**     Answer:  $_____
Past damages for bodily and mental harm may include:

    1.  Pain
    2.  Disability
    3.  Disfigurement
    4.  Embarrassment
    5.  Emotional distress

which CHARLES McGUIRE has experienced in the past, if any.

**b.     Past damage for health care expenses:**     Answer:  $_____
Past damages for health care expenses may include:

    1.  Medical supplies
    2.  Hospitalization
    3.  Health care services of every kind

necessary for treatment of CHARLES McGUIRE's injuries, if any, as a direct result of this accident from the date of the accident  up to the time of your verdict.

**c.      Past damages for loss of earnings:**          Answer: $_____

Past damages for loss of earnings may include:

1. Earnings
2. Salary
3. Value of working time lost as a result of the injury

which CHARLES McGUIRE has incurred , if any, as a direct result of this accident from the date of the accident  up to the time of your verdict.

*Do not consider the fact that Plaintiff actually received his salary for all or part of the time in deciding the value of Plaintiff's lost working time.*

**d.      Future damages for bodily and mental harm:**     Answer: $_____

Future damages for bodily and mental harm may include:

1. Pain
2. Disability
3. Disfigurement
4. Embarrassment
5. Emotional distress

which CHARLES McGUIRE is reasonably certain to experience in the future, if any.

**e.      Future damages for health care expenses:**       Answer: $_____

Future damages for health care expenses may include:

1. Medical supplies
2. Hospitalization
3. Health care services of every kind

reasonably certain to be necessary for treatment of CHARELS McGUIRE's injuries, if any, as a direct result of this accident from the date of your verdict in the future.

**f.      Loss of future earning capacity:**           Answer: $_____

*If you find that future disability is reasonably certain to occur, you may consider the effect of that disability on CHARLES McGUIRE's future earning capacity. Consider what the person is able to earn in the future. Consider whether CHARLES McGUIRE's future earning capacity has been destroyed or reduced. You may decide damages for this loss or reduction of future earning capacity.*

**SOURCE:**      Minnesota Civil Jury Instruction Guide (2008 Edition)

G:/RAS/McGuire/Jury Instruction/Jury Instructions.doc

Granted      _____
Denied      _____
Modified      _____

Court's Instruction _____
3.1 (Continued)


When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence.  Select your Foreperson and conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial.  After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions.  Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.  You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me.  I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally.  I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.  You may now retire to the jury room to conduct your deliberations.


**SOURCE:**    Fifth Circuit Pattern Jury Instructions (2006 Edition)

Granted        _____
Denied         _____
Modified       _____

Respectfully submitted,

GENDRY & SPRAGUE, P.C.
645 Lockhill Selma
San Antonio, Texas 78216-5057
Telephone:  (210) 349-0511
Facsimile: (210) 349-2760


By:       /s/ Ron A. Sprague
RON A. SPRAGUE
State Bar No. 18962100
rsprague@gendrysprague.com
        -and-

PATRICK E. BRADLEY
REED SMITH LLP
136 Main Street, Suite 250
Princeton Forrestal Village
Princeton, New Jersey  08540
Telephone:   (609) 987-0050
Facsimile:  609) 951-0824

OLIVER BEIERSDORF
REED SMITH LLP
599 Lexington Avenue
New York, New York  10022
Telephone:  (212) 521-5400
Facsimile:  (212) 521-5450

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2009, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send notification of such filings to the following:

Mr. Jack E. McGehee
Mr. H. C. Chant
McGehee ★ Chang
1250 Wood Branch Park Drive, Suite 625
Houston, Texas  77079

and I hereby certify that on February 23, 2009, I delivered a copy of the foregoing pleading to the following non-registered participants:

None

/s/  Ron A. Sprague
RON A. SPRAGUE